# FAGAOALI'I LALOULU TAGOILELAGI, Appellant

## v.

## ULIMASAO SITALA SITALA, JR., Appellee

**Registration of Matai Title TAGOILELAGI of the Village of Vatia**

High Court of American Samoa
Appellate Division

AP. No. 24-98
(MT. No. 01-96)

August 18, 1999

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, MUNSON,[**] Acting Associate Justice, and TUA`OLO, Chief Associate Judge.

Counsel: For Appellant, Aitofele T. Sunia
 For Appellee, Afoa L. Su'esu'e Lutu

## OPINION AND ORDER

Appellant Fagaoali`i Laloulu Tagoilelagi ("Tagoilelagi") appeals from a decision of the Land and Titles Division awarding the matai title "Tagoilelagi" of Vatia to appellee Ulimasao Sitala ("Ulimasao"). The following is a summary of the trial court's findings with regard to the four selection criteria set forth in A.S.C.A. § 1.0409.

*Best Hereditary Right:*

■ The candidates were at odds on family history and were thus unable to agree on the identity and lineage of former titleholders. The court thus relied upon the traditional rule for determining hereditary right. As the son of the previous title-holder, Fagaoali`i has ½ Tagoilelagi blood and a significant advantage over Ulimasao who has, at best, a claim to 1/32 Tagoilelagi blood.

*The Wish of the Clans:*

While Ulimasao claims to have the support of three of the four traditional clans, Fagaoali`i claims that the family has only one traditional clan. The trial court held that even if there was only one clan in the family, "this clan as a whole still supports Ulimasao's candidacy." The trial court thus declined to determine the number of clans in the family.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of Interior.
[**] Honorable Alex R. Munson, Chief Judge, United States District Court for the Commonwealth of the Northern Marianas Islands, serving by designation of the Secretary of Interior.

*Forcefulness, Character, Personality, and Knowledge . of Samoan Customs:*

The trial court held that the candidates were equally matched on this criterion. Fagaoali`i has a PhD and is the Director of Education for the public school system of American Samoa. Uliinasao served as a technician in the U.S. Army for 10 years, the American Samoa Government for 2 years, and the FAA for the last 19 years. Fagaoali`i has been a matai in the Tagoilelagi family for 22 years; Ulimasao for 21 years. Ulimasao is currently high talking chief of the family. Both have been active in their respective churches.

*Value to Family, Village, and Country:*

The trial court held that Ulimasao has "distinct eminence" in this criterion because of his clear commitment to the Village of Vatia. Even though Ulimasao has spent 22 years outside of Samoa working in the United States, whenever he has been in Samoa he has lived in Vatia engaged in the affairs of the Tagoilelagi family. Fagaoali`i has spent most of his life in the Village of Aua. Weighing the four criteria, the trial court decided that Ulimasao's strengths under the second and fourth prongs outweighed Fagaoali`i's advantage on the first prong.

## Discussion

### A. No Clear Error with Trial Court's Finding That Ulimasao Lived in Samoa For One Year Prior to Filing His Objection.

Fagaoali`i's first issue on appeal is whether the trial court clearly erred in finding that Ulimasao did not live in Samoa for one year prior to filing his objection. A.S.C.A. § 1.0404(a) requires claimants to a matai title to have "resided in American Samoa for one calendar year immediately preceding the date of the claim or objection." Fagaoali`i claims that Ulimasao did not meet this requirement. The trial court found that Ulimasao moved back to Samoa in June 1993, more than one year before he filed his objection to Fagaoali`i's claim in September 1994. *In re Matai Title "Tagoilelagi"*, 2 ASR3d 230, 232 (Land & Titles Div. 1998). The trial court's findings of fact can be set aside only if clearly erroneous. A.S.C.A. § 43.801(1).

The only argument advanced by Fagaoali`i is Ulimasao's admission to being stationed in Long Beach, California from November 1994 to May 1996.[1] *See* Fagaoali`i Br. at 6-7, 9-10. This admission by itself does not preclude Ulimasao from meeting the requirement of bona fide residency.

---

[1] It appears Ulimasao was temporarily stationed in California for work. His immediate family remained in American Samoa.

Furthermore, the parties have not cited any law making a claimant's place of residence *after* filing a claim or objection relevant to A.S.C.A. § 1.0404(a). The trial court's finding that Ulimasao met the residential requirement is not clearly erroneous.

## B. The Trial Court Erred in Concluding Ulimasao Enjoyed the Support of the Majority or Plurality of the Family's Clans.

The trial court's determination that Ulimasao prevailed on the "wish of the majority or plurality of the family's customary clans," A.S.C.A. § 1.0409(c)(2), was essential to its decision to award the matai title to Ulimasao. The trial court's determination on this point, however, is contrary to established Samoan law.

Fagaoali`i claims that there is only one family clan remaining, while Ulimasao claims that there are four customary clans extant. The parties do not dispute the trial court's finding that though the majority of family members support Ulimasao, the family was unable to reach a consensus. In fact, the family eventually decided to award the matai title jointly to Ulimasao and Fagaoali`i to preserve peace. *See Tagoilelagi,* 2 A.S.R.3d at 234. From these facts, the trial court concluded that Ulimasao prevailed on this criterion regardless of whether the family has one or four clans. Two problems exist with the trial court's determination.

### 1. The Court Erred By Not Making Specific Findings Regarding the Composition of the Family's Customary Clans.

A.S.C.A. § 1.0409(d) requires the trial court's written decision to "contain findings of fact and conclusions of law on each" of the four statutory criteria. In *In re Matai Title "Faumuina",* 26 A.S.R.2d 1 (App. Div. 1994), the Court reversed a trial court matai award because the court did not provide specific findings on the "number, identity and preference of the clans" in the family. *Id.* at 4. The Court cited *In re Matai Title "Gaoteote",* AP. No. 103-75, slip op. (App. Div. 1975), for the proposition that "failure to enter a finding on what the clans of a family are and who they support" is an error of law. *Id.* at 3. "It makes no difference that this determination [the composition of the family's clans] is difficult." *Id.* at 4. The trial court's failure to make such a determination necessitates reversal and remand for the necessary findings.

### 2. If the Family Consists of Only One Clan, Then Ulimasao May Not Prevail

If there is only one clan in the family, as urged by Fagaoali`i, and that clan has not reached a consensus, then the court should have ignored this criteria and awarded the title to Fagaoali`i. Fagaoali`i did not raise this

issue in his brief, but one associate judge did dissent on this basis. *See Tagoilelagi* at 237 (Atiulagi, J. dissenting).

■ The plain language of the statute focuses on the *clans,* not the individual members of the family: "the wish of the majority or plurality of those clans of the family as customary in that family." A.S.C.A. § 1.0409(c)(2). Case law makes clear that individual preferences are only relevant to determining if a particular clan clearly supports a particular candidate. *See In re Matai Title "Atiumaletavai",* 22 A.S.R. 2d 94, 98 (Land & Title Div. 1992). To determine clan support, the court does not look to numerical majorities but traditional rules of consensus. *See In re Matai Title* "Leaeno", 24 A.S.R.2d 117, 120-21 (Land & Title Div. 1993). Even if there is only one clan in the family, the court still will not consider majority opinion. If there is no consensus around one candidate, the court will instead disregard this criteria altogether. *See Reid v. Talalele,* 4 A.S.R. 458, 462-63 (Trial Div. 1964)

Under the above line of case law, the trial court committed an error of law when it concluded that Ulimasao would prevail even if the family has only one clan. The family as evidenced by the kava ceremony failed to reach a consensus around Ulimasao's candidacy. Although the trial court did state that the family "as a whole" supported Ulimasao, it is unclear whether the trial court was referring to traditional rules of consensus or Western norms of majority rule. This issue, therefore, must be remanded for a determination by the trial court.

C. The Trial Court Did Not Err On the Character and Value Prongs.

Fagaoali`i argues that the trial court did not adequately penalize Ulimasao on the character and value prongs for the 22 years he spent working outside of Samoa. Fagaoali`i Br. at 8-9, 11-12.

As for the criteria of "forcefulness, character and personality . . . and . . . knowledge of Samoan customs," § 1.0409(c)(3). Ulimasao's absence from Samoa seems only relevant to his knowledge of Samoan customs. The trial court concluded, however, that Ulimasao is "well-versed in Samoan customs" based on its in-court observations, his 21 years of service as a matai, and his current position as high talking chief of the family. *See Tagoilelagi,* 2 A.S.R.3d at 236. The court's determination that the candidates are equally fit to assume the matai title is supported by substantial evidence.

Fagaoali`i also asserts that Ulimasao's absence resulted in his being of less "value . . . to family, village, and country," A.S.C.A. § 1.0409(c)(4). In concluding that Ulimasao prevailed on this prong, the trial court relied heavily on the fact that whenever Ulimasao has been in Samoa he has lived in the village of Vatia and participated actively in family affairs.

*See Tagoilelagi,* 2 A.S.R.3d at 236. Fagaoali`i, by contrast, has spent most of his adult life away from the family, in Aua. The court's conclusion that Ulimasao would be of greater value to this family and village than Fagaoali`i is supported by substantial evidence.

## D. Failure to Recuse Associate Judge.

Finally, Fagaoali`i argues that one of the associate judges should have recused himself because the judge's wife is Ulimasao's wife's first cousin and that as a result, the judge and Ulimasao participate in the same family affairs.[2] Ulimasao claims that Fagaoali`i's counsel is also closely related to the same judge. *See* Ulimasao Br. at 11. The trial court found that recusal was not required. Without details of the nature of the social relationship between the judge and Ulimasao, which Fagaoali`i failed to provide, the first cousin relationship of the wives alone would not mandate recusal. The trial court noted that the associate judge in question did fail to volunteer the details of his relationship to Ulimasao as required by the CODE OF JUDICIAL CONDUCT FOR AMERICAN SAMOA, Canon 3(A)(6)(b). *See Tagoilelagi,* 2 A.S.R.3d at 233 n.2.

 Under the Canons of Judicial Ethics, "a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." CODE OF JUDICIAL CONDUCT FOR AMERICAN SAMOA, Canon 3 (A)(6). The test is "whether a disinterested observer would entertain significant doubt that justice would be done." *In re Matai Title "Faumuina",* 26 A.S.R.2d 1, 5 (App. Div. 1994) *citing Pepsico v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985). Because it appears that the trial court applied the correct legal standard,[3] we would in the normal course review the trial court's conclusion for clear error. *See In re Matai Title "Faumuina",* 26 A.S.R.2d at 6. However, in that the Court has found that remand is required on the clans issue, we decline to reach the

---

[2] Fagaoali`i did not present this issue to the trial court until his motion for reconsideration, claiming he was previously unaware of the relationship. *See* Order Denying Motion For Reconsideration or New Trial at 5. The trial court found it "difficult to believe that . . . Fagaoali`i and his counsel would be unaware of this relationship and activities . . ." *Id.* Ulimasao claims that Fagaoali`i's counsel is, in fact, "closely related" to the same judge. *See* Ulimasao Br. at 11. The trial court, nonetheless, addressed the merits, presumably deciding that Fagaoali`i had not waived the issue.

[3] We note that A.S.C.A. § 3.1007 requires a judge to disqualify himself [herself] in situations where he [she] or a family of which he [she] is a member has a "substantial interest." In *In re Matai Title "Faumuina,"* 26 A.S.R.2d at 5, this Court defined "substantial interest" as encompassing the "appearance of impropriety" standard set out in the Canons of Judicial Conduct.

merits of the recusal issue but mandate recusal on remand in an "abundance of caution."

It is so ordered.